**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARY KAYE HARRIS, ) | CASE NO:   1:08-cv-00246 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| NATIONAL CITY CORPORATION, *et al.*, ) | |
| ) | **MEMORANDUM** |
| Defendants. ) | **OPINION AND ORDER** |

This case is before the magistrate judge by consent of the parties. Plaintiff, Mary Kaye Harris ("Harris") now moves for attorney's fees. (Doc. No. 43.) Defendants National City and the National City Corporation Welfare Benefits Plan ("defendants") oppose the motion. (Doc. No. 50.) For the reasons stated below, Harris's motion for attorney's fees (Doc. No. 43) is GRANTED IN PART.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2008, Harris initiated the instant action. (Doc. No. 1.) On March 24, 2008, Plaintiff filed an amended complaint, naming National City and the National City Corporation Welfare Benefits Plan as defendants and alleging that the defendants terminated her long-term disability ("LTD") benefits in violation of the terms of the Plan. (Doc. No. 16.) Harris brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). A complete summary of the

underlying facts is set forth in the April 21, 2009 Memorandum Opinion and Order. (*See* Doc. No. 41 at 1 -19.)

Harris and defendants filed cross-motions for judgment on the administrative record. (Doc. Nos. 34 and 35.) Upon ruling on these motions, this court found that defendants' failed to employ "a deliberate, principled reasoning process" in determining that Harris was not disabled and, thus, the decision to terminate Harris's LTD benefits was arbitrary and capricious.

This court found fault with defendants' rejection of the findings of Harris's treating and examining physicians based solely upon the opinion of a medical expert who merely conducted a file review. In particular, defendants' medical expert questioned Harris's credibility, but did so without physically examining Harris and without evidence in the record supporting his conclusion.

Moreover, this court rejected defendants' argument that they properly terminated Harris's LTD benefits because Harris failed to provide defendants with current medical evidence of her disability. Defendants knew that Harris suffered from residual memory impairment and impaired control function processing. Despite Harris's husband's request that correspondence be addressed to him because Harris often forgot about or lost documents, the defendants took six months to act according to the Harrises' instructions. Thus, Harris was prejudiced in her attempts to marshal evidence in support of her claims. For these reasons, this court concluded that defendants' determination that Harris was not disabled was arbitrary and capricious and remanded the case to defendants for a full and fair review consistent with the opinion.

Harris now seeks attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). (Doc. No. 43.) Harris asserts that attorney's fees should be awarded and maintains that she is entitled to $70,321.70 in attorney's fees and $742.42 in costs.

In an attempt to reduce costs and aid in a global settlement, the court bifurcated Harris's motion for attorney's fees, directing defendants to file a response addressing solely the issue of whether attorney's fees are appropriate at all and reserving the issue of whether the amount of fees requested is reasonable. (Doc. No. 49.) The court now rules solely on the issue of whether it should award attorney's fees in the instant action.

## II. ANALYSIS

Harris asserts that she is entitled to attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). ERISA establishes that the trial court may award attorney's fees to either party. Section 1132(g)(1) grants courts broad discretion as to whether to award attorney's fees. *See Folice Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996). The Sixth Circuit has identified five factors, known as the "*King* factors," that a court should consider when awarding attorney's fees in an ERISA action. The *King* factors are as follows:

> (1)[T]he degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Armistead v. Venitron Corp.* 944 F.2d 1287, 1301 (6th Cir. 1991) (citing *Sec'y of the Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)).

No one *King* factor is determinative, and the factors as a whole are not necessarily conclusive because they are not statutory. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 643 (6th Cir.2006) "Rather, they are considerations representing a flexible approach." *Id.* In the Sixth Circuit, there is no presumption that attorney fees will be awarded. *Id.*

### A. Culpability or Bad Faith

The first *King* factor requires this court to analyze whether defendants were culpable or acted in bad faith. Defendants contend that no evidence exists that they acted in bad faith in terminating Harris's benefits. Specifically, defendants argue that they acted in good faith in the termination of LTD benefits and cite Harris's failure to provide evidence of her disability and the fact that defendants' retained an independent expert to review her claim as evidence of this good faith.

The Sixth Circuit has stated that " '[a]n arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith." *Moon*, 461 F.3d at 643 (quoting *Heffernan v. UNUM Life Ins. Co. of Am.*, 101 F. App'x 99, 109 (6th Cir. 2004)). In *Gaeth v. Hartford Life Insurance Co.*, 538 F.3d 524 (6th Cir. 2008), however, the Sixth Circuit clarified that "caselaw by no means precludes a finding of culpability or bad faith based only on the evidence that supported a district court's arbitrary-and-capricious determination." *Id.* at 530. The *Gaeth* Court cited *Hoover v. Provident Life & Accident Insurance Co.*, 290 F.3d 801, 809-10 (6th Cir.2002) as an example. In *Hoover*, the Sixth Circuit held that plan administrator was culpable where the plan denied disability benefits based solely on the opinion of a physician employed by the insurance company who neither examined the claimant nor considered the substantial evidence in

-4-

the record indicating that the claimant was disabled. *Id.* The *Gaeth* court also found culpability:

> Hartford might very well have had a good-faith basis for believing that Gaeth was no longer disabled. But it terminated his benefits without a single piece of current medical evidence regarding his physical condition as it relates to the occupation for which he had been deemed disabled, as the district court explained at length. Hartford is therefore culpable for making a benefits determination that was unsupported by competent medical evidence.

*Id.* at 530-31.

Similarly, defendants are culpable in the termination of Harris's LTD benefits. While defendants' belief that Harris is not disabled under the Plan's terms may ultimately be proved true, the method in which it arrived at this conclusion does not demonstrate good faith on defendants' part.

As noted in this court's earlier memorandum opinion and order, defendants' failure to have a medical expert physically examine Harris is puzzling and troubling. Defendants relied solely on the findings of a medical expert who did not physically examine Harris and questioned her credibility without a basis in medical evidence.

Moreover, defendants' assertion that Harris's failure to provide evidence to the plan administrator is a good faith basis for termination of LTD benefits ignores the findings of this court. Defendants knew by February 2004 that Harris suffered from residual memory impairment and impaired control function. However, defendants continued to send written communication to Harris, despite numerous requests by Harris's husband to send all communications to him because Harris tended to forget about and lose letters. The court regarded favorably Harris's assertion that she was prejudiced by defendants' insistence on sending written requests for additional support

-5-

for her claims to her, rather than her husband.

In light of these findings, it is apparent that defendants were culpable and acted in bad faith in terminating Harris's LTD benefits without the support of competent medical evidence and without legitimate effort to obtain such medical evidence from Harris and her husband.  Therefore, the first *King* factor weighs in Harris's favor.

### B. Ability to Satisfy an Award of Attorney's Fees

The second *King* factor is whether the opposing party has the ability to satisfy an award of attorney's fees and costs.

Harris argues that defendants have "deep pockets" and that it is common knowledge that PNC Bank purchased the defendants' assets through bailout money provided the federal government.  In turn, defendants argue that any potential recovery would come from the Plan itself and that the payment of attorney's fees would harm only other beneficiaries.

Neither party presented any evidence in support of their relative positions. Besides unsupported allegations by both sides, this court has no basis under which to analyze their claims.  As such, the second factor weighs in neither party's favor.

### C. Deterrent Effect

The third factor, the deterrent effect of a fee award, requires consideration of whether a fee award would have a deterrent effect on other plan administrators.  *Gaeth*, 538 F.3d at 531.

Defendants argue that "[t]he 'deterrent effect of a fee award . . . is likely to have more significance in a case where the [party whom attorneys' fees are sought] is highly culpable.'"  (Doc. No. 50 at 6, quoting *Foltice*, 98 F.3d at 937.)  Defendants maintain

-6-

that they did not act in bad faith and so an award of fees in the instant action would not serve as a proper deterrent for other plan administrators. However, the defendants did, in fact, engage in culpable behavior, as explained above. Therefore, this argument lacks merit.

Defendants also assert that the instant action involves unique facts and "there is little likelihood the outcome of this case will impact the behavior of other administrators." (Doc. No. 50 at 7.) However, the facts of this case are not so unique that the award of attorney's fees would fail to act as a deterrent. In *Gaeth*, the Sixth Circuit found its decision in *Moon*, 461 F.3d 639, instructive, stating:

> In *Moon*, the court concluded that the facts of that case - in which the plan administrator denied benefits based solely on the opinion of its own employed physician, who ignored record evidence of the claimant's disability and did not examine the claimant -"are not so unique that they fail to serve any deterrence value to other insurance companies under similar circumstances," and that the court's opinion in an earlier appeal of the same case "articulated important principles that all plan administrators should heed. For example, before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions to terminate are based on a thorough review of the administrative record." *Id.* at 645. The key question in analyzing this third factor is therefore whether the fee award would have a deterrent effect on other plan administrators.

*Id.* at 531-32.

The facts of the instant action are quite similar to both *Gaeth* and *Moon* – all cases involving a plan administrator's improper reliance on a non-examining physician's file review as the basis to terminate benefits. Furthermore, the lesson to be learned by plan administrators is the same – "before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions to terminate are based on a thorough review of the administrative record." *Id.*

-7-

Therefore, this decision should have a deterrent effect on other plan administrators and third factor weighs in favor of Harris.

### D. Confers Common Benefit on all Participants or Resolves Significant Legal Questions

The fourth factor, conferring a common benefit on plan participants or resolving a significant legal question under ERISA, weighs against an award of attorney's fees.

Here, Harris does not argue that she is seeking to confer a common benefit for all participants under the plan. Rather, she argues that this factor has little relevance in a wrongful denial case. However, *Gaeth* states otherwise.

In *Gaeth*, the Sixth Circuit held that the common-benefits factor weighed against the plaintiff who sought only to recover his own benefits. The court did not assign less weight to this factor because the plaintiff acted in an individual capacity. *See Gaeth, 538 F.3d at 533-34*.

Harris also argues that "[t]he award of fees here would benefit others who are similarly disabled as it would deter plan administrators and their claims administrators from engaging in similar misconduct." The *Gaeth* court also rejected this argument, again citing *Moon*:

> Thus the *Moon* claimant had, like Gaeth, arguably obtained a "common benefit" for all plan participants in the form of deterring the plan administrator from making similarly unreasonable decisions in the future. But with regard to the common-benefit factor, this court nevertheless concluded that the facts weighed against awarding attorney fees because the claimant "only sought [long-term disability] benefits for herself and did not seek to confer a benefit upon all plan participants." *Id.* This demonstrates that the deterrent-effect and common-benefit factors are separate inquiries, and also highlights the difference between this court's *King* test ("whether the party requesting fees sought to confer a common benefit," *King, 775 F.2d at 669* (emphasis added)), and the Second Circuit's *Chambless* test ("whether the action conferred a common benefit," *Chambless, 815 F.2d at 871).*

-8-

*Id.* at 533.

Finally, Harris concedes that this case did not resolve a significant legal question regarding ERISA. Therefore, the fourth factor weighs in favor of defendants.[1]

### E.  Relative Merits

The fifth and final *King* factor is the relative merits of the parties' positions. Defendants argue that this factor weighs in their favor "because the Court has left open the possibility that [they] may still prevail after the case has been remanded back for further consideration." Defendants cite *Gaeth* in support of their argument.

In *Gaeth*, the Sixth Circuit reviewed a district court's award of attorney's fees where the district court declined to make a finding that the plaintiff was disabled and had remanded the case to the plan administrator for further review. The district court awarded attorney's fees to the plaintiff, but made no finding as to the relative merits of the parties' positions.

The Sixth Circuit held that the failure to weigh this factor amounted to an abuse of discretion. The Sixth Circuit stated that the record left open the possibility that the plaintiff was no longer disabled and that awarding fees to the plaintiff "could result in the incongruous situation of the party that ultimately wins nevertheless being required to

---

[1] In her Reply Brief, Harris argues that "it is possible to read this fourth factor in favor of Harris using the analysis set forth in *Armistead*, 944 F.2d at 1304 and *Foltice*, 98 F.3d at 937, n. 4, which states that the fourth factor may weigh in favor of [a] plaintiff who shows that their case could not have been brought but for the prospect of fee-shifting." (Doc. No. 51.) Because this argument was raised for the first time in a reply brief and defendants did not have the opportunity to address this argument, it is deemed waived. *See Books A Million, Inc. v. H & N Enters., Inc.*, 140 F.Supp.2d 846, 859 (S.D.Ohio 2001) ("It is well settled . . . that a party may not raise an issue for the first time in a reply brief.") (citing *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 545 (6th Cir.2000))).

pay the attorney fees of the losing party." *Gaeth*, 538 F.3d at 534. However, the court also noted that "the express language of 29 U.S.C. § 1132 does not limit an award of attorney fees to the prevailing party." *Id.* The court remarked that the possibility that a party that ultimately loses a case could receive attorney fees "underscores the importance of carefully analyzing the relative merits of the parties' positions." *Id.* The court declined to address the question of whether a district court would always abuse its discretion by awarding attorney fees to a losing party. *Id.*

Defendants argue that in light of *Gaeth*, an award of attorney's fees would be premature. However, *Gaeth* does not hold require a court to deny a motion for attorney's fees where it remands a case to the plan administrator; rather, it cautions that a court must carefully analyze the relative merits of the parties' positions.

This court follows the lead of several other courts in finding that an award of attorney's fees may be appropriate even where the court does not make a finding of disability. See *Satterwhite v. Metropolitan Life Ins. Co,* 2008 WL 2952473 (E.D. Tenn. 2008), citing *Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir. 1995); *Christian v. Dupont-Waynesboro Health Care Coverage Plan*, 12 F.Supp.2d 535 (W.D. Va., 1998); *Cook v. New York Times Co. Long-Term Disability Plan*, 2004 WL 20311 (S.D.N.Y. 2004); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 990 F. Supp. 1039, 1041 (N.D. Ill. 1998), *vacated on other grounds,* 195 F.3d 975 (7th Cir. 1999). *See also*, *Soltysiak v. UNUM Provident Corp.*, 480 F.Supp.2d 970, 974 (W.D. Mich. 2007). In *Satterwhite*, the Eastern District of Tennessee weighed the relative merits in favor of the plaintiff, even though the plaintiff accomplished only remand, finding that "Plaintiff's position was clearly more meritorious, having prevailed

-10-

on an arbitrary and capricious standard" and noting that '[t]here were serious flaws in the Plan's decision-making process and lack of substantial justification for the Plan's position." *Satterwhite*, 2008 WL 2952473 at *4-5.

In the instant action, Harris presented a winning argument that defendants employed a process that was both flawed and unreasonable to determine that Harris was not disabled. In light of the strong evidence that defendants acted in an arbitrary and capricious manner and the factual record leaving open the significant possibility that Harris is in fact disabled, the court finds that the fifth *King* factor weighs in Harris's favor.

Upon review of all the *King* factors, an award of reasonable attorney's fees and costs is appropriate in this action.

### III. CONCLUSION

This Court bifurcated the attorney fees issue after discussion with counsel for both parties and after at least one side suggested a global settlement may result after this Court's ruling on the issue of whether Harris was entitled to any fee award. See Doc. No. 49. In accordance with that discussion and this Court's prior order, counsel shall file a joint statement on or before August 7, 2009, indicating whether the case has been resolved. If it has not been resolved by that time, defendants shall file or before August 17, 2009, a response regarding whether the amount of attorney's fees requested by Harris is reasonable. Harris shall file a reply brief on or before August 24, 2009.

For the foregoing reasons, an award of attorney's fees to Harris is appropriate and Harris's motion for attorney's fees (Doc. No. 43) is GRANTED IN PART.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

DATE: July 28, 2009